**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

May 30, 2014

333 WEST WASHINGTON ST., SUITE 200
SYRACUSE, NY 13202
(315) 423-7100

**JAMES R. MULDOON**

DIRECT:   (315) 214-2021
FAX:       (315) 422-9331
JMULDOON@HARRISBEACH.COM

**VIA CM/ECF**

Honorable Randolph F. Treece
U.S. Magistrate Judge
James T. Foley U.S. Courthouse
445 Broadway - Room 314
Albany, NY  12207

      Re:     Vaughan Co. v. Global Bio-Fuels Technology LLC et al
              Civil Action No. 1:12-cv-1292 (DNH/RFT)

Dear Judge Treece,

      We write to address the insufficiencies in Plaintiff's infringement contentions under the District's Local Patent Rules, and the impact of Judge Hurd's Memorandum-Decision and Order (ECF No. 62) on the contentions.

      Judge Hurd's Memorandum-Decision and Order did not state that the Local Patent Rules would not apply to this case, nor did it excuse Plaintiff from compliance with the Local Patent Rules.  Instead, Judge Hurd decided that the Plaintiff's Complaint met minimal pleading standards under Rule 12(b)(6).  Now that Vaughan's allegations are past the pleading stage, the parties must engage in discovery, beginning with the fact-based disclosures this Court's Local Patent Rules require.  Vaughan's infringement allegations center around alleged modifications or additions to the Chop-X pump and other equipment referenced in Defendant's budgetary quote to Pioneer Pump, and it must now disclose what it contends those would be and how the resulting pump would fall within the scope of the asserted claims of the patents-in-suit.  Judge Hurd explained:

> Vaughan is not alleging that the offer to sell the Chop-X pump itself infringes their patents.  They instead claim that the **components and equipment** contemplated in defendants' bid infringes their patents.
>     At this early stage of the litigation, plaintiff is entitled to discovery to determine if defendants' bid did, in fact, infringe…. It is unclear whether this bid contemplated any alterations to the Chop-X pump or otherwise included components for which Vaughan holds patents….  As explained in the MDO denying their motion to dismiss, Counts 1-4 [alleging patent infringement] are adequately pled.

(ECF No. 62, at 24-25 (emphasis added).)

Disclosure of Plaintiff's infringement contentions pursuant to Local Patent Rule 3-1 is the first step of the discovery to which Judge Hurd decided Plaintiff could proceed. Local Patent Rule 3-1 imposes different requirements than the minimal pleading standards of Form 18 or *Iqbal/Twombley* because it serves a different purpose. "The overriding principle of the Patent Local Rules is that they are designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *CSR Tech. Inc. v. Freescale Semiconductor*, 2013 WL 503077, at *2 (N.D. Cal. Feb. 8, 2013) (quoting *Bender v. Maxim Integrated Prods., Inc.*, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010)).[1] Disclosure of infringement contentions pursuant to Local Patent Rule 3-1 "takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *Infineon Techs. v. Volterra Semiconductor*, 2013 WL 322570, at *3 (N.D. Cal. Jan. 28, 2013) (quoting *Intertrust Techs. Corp. v. Microsoft Corp.*, 2003 WL 23120174, at *1 (N.D. Cal. Dec. 1, 2003)).

Local Patent Rule 3-1(b) requires a patentee to identify, to the greatest extent possible: "each accused apparatus, product, device, process, … or other instrumentality ('Accused Instrumentality') of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, design, … and apparatus shall be identified by name or model number, if known." According to Plaintiff's theory, as explained by Judge Hurd, it is "the components and equipment contemplated in defendants' bid" that infringes the patents-in-suit. (ECF No. 62, at 24.) The asserted claims of the patents in suit are directed to a centrifugal pump. But Plaintiff's infringement contentions instead identify a "bid submitted by Defendants in connection with Rensselaer County" as the Accused Instrumentality. (Exhibit A, at 3.) By pointing to a "bid" or a "bid specification" (*see id.* at 3-8) as the Accused Instrumentality, rather than the **components and equipment**, Plaintiff failed to point out an "accused apparatus, product, device" that would infringe the asserted claims as it was required to do under Local Patent Rule 3-1(b). *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1362 (Fed. Cir. 2006) (describing Local Patent Rule 3-1 as requiring that contentions specify "each *product* that allegedly infringes" (emphasis added)).

Local Patent Rule 3-1(c)(i) requires a patentee to provide "a chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality." The patentee's infringement contentions must be so specific that it "necessitates a level of detail that reverse engineering or its equivalent would provide." *Infineon*, 2013 WL 322570, at *4. But Plaintiff's infringement contentions fail to point out specifically where in the Accused Instrumentality there is an element corresponding to each claim limitation. Instead, Plaintiff's claim charts refer to a "Bid Specification" that Defendants are not even alleged to have written. That bid specification (Exhibit B) is not even referenced in the purported bid or budgetary quote that Defendant Global provided to Pioneer Pumps (Exhibit C) that Plaintiff identified as the Accused Instrumentality (*see* Exhibit A, at 3). And then, the claim charts refer to sections of the

---

[1] This Court's Local Patent Rules were modeled on, and closely follow, the local patent rules of the Northern District of California and the Eastern District of Texas. Those courts' decisions concerning compliance with their versions of the Local Patent Rules are therefore highly instructive.

Page 3
May 30, 2014

bid specification only generally and not the pump and other equipment identified in the Defendant's budgetary quote. (Exhibit A, at 3-8.)[2]

For example, for the preamble of Claim 1 of the '482 Patent, Plaintiff's claim chart identifies "Sections 1.05(A) and 2.03" of the bid specification. (Exhibit A, at 3.) The claim preamble reads: "In a centrifugal pump having an impeller rotatable about an axis, such impeller having a plurality of generally radially extending vanes and a central hub portion, and a pump casing including a bowl receiving the impeller and having an inlet side for intake of material into the pump bowl and a closed side opposite the inlet side, …" First, Plaintiff's identification of sections of the bid specification does not show specifically where in the purported bid, which Plaintiff identified as the Accused Instrumentality, each limitation is found, let alone where it might found be in the Chop-X pump and alleged other equipment. Second, Section 1.05(A) reads: "All equipment shall be of the highest quality throughout, designed for a long life of trouble free operation. All of the mixing equipment shall be furnished by a single manufacturer and guaranteed for process and mechanical performance by the original equipment manufacturer. All equipment shall be Rotamix by Vaughan Company Inc. of Washington State (basis of design), Liquid Dynamics Corp. **or equal**. Chopper pumps shall be Vaughan model PE6W8CS-118 **or equal**." (Exhibit B, at VAUG-000793 (emphasis supplied).) Section 2.03 contains 14 paragraphs. (*Id.* at VAUG-000795 to 797). Plaintiff's general reference to these sections does not show specifically where in the Accused Instrumentality there is "a pump casing including a bowl receiving the impeller." "Contending that the limitation must exist somewhere in the Accused Product is not the same as specifically identifying where each limitation is found within the Accused Product." *CSR Tech.*, 2013 WL 503077, at *7 (citing *Bender*, 2010 WL 1135762, at *3). Plaintiff's vague references to the bid specification are nothing more than an impermissible contention that the limitation must exist somewhere.

The contentions concerning the first limitation are no better. The limitation is "the closed side of the pump bowl having a first cutter tooth projecting abruptly generally axially inward toward the impeller and located adjacent to the impeller hub portion." Plaintiff's claim chart identifies "Sections 2.03(A), (B), and (F)" of the bid specification. (Exhibit A, at 3; *see* VAUG-000795 to 796.) Plaintiff's general citation to these three sub-sections fails to point out specifically where, in the Chop-X pump and other equipment identified in the purported bid, there is a "first cutter tooth projecting abruptly generally axially inward toward the impeller and located adjacent to the impeller hub portion." Plaintiff's failure to point out specifically where that cutter tooth is leaves Defendants without notice of what Plaintiff's contention really is. And Plaintiff was required to do that analysis *before* filing suit.

---

[2] Defendants first raised the numerous deficiencies in Plaintiff's infringement contentions on January 23, 2013. (*See* Exhibit D (e-mail from James Muldoon to Edward Bishop, dated January 23, 2013 at 6:25 PM).) That was within a week of receipt of Plaintiff's infringement contentions. (*See* Exhibit A (dated January 17, 2013).) Defendants waited weeks for a response from Plaintiff before seeking a conference with the Court. (ECF No. 37 (dated February 14, 2013).) Plaintiff's prior assertion that Defendants' letter to the Court (ECF No. 37) was the first time it became aware that of deficiencies in its contentions was therefore incorrect. (ECF No. 41.)

Page 4
May 30, 2014

As another example, the first and second limitations of Claim 1 of the '483 Patent are "a hub rotated with the impeller and extending through the intake plate, generally axially outward from the impeller blades," and "said hub having an abrupt projection in close cutting relationship with at least a portion of said intake plate as the impeller is rotated." (Exhibit A, at 4.) Plaintiff generally references "Sections 2.03(A), (B), (C), and (E)." (*Id.*; *see* VAUG-000795 to 796.) Plaintiff's contentions do not identify specifically where there is a hub rotated with the impeller, where it extends through the intake plate, or how it extends generally axially outward from the impeller blades. Nor do they point out specifically where the hub has an abrupt projection in close cutting relationship with the intake plate. Instead, Plaintiff's contentions leave Defendants to guess where Plaintiff alleges these features to be. This is exactly the opposite of what Local Patent Rule 3-1(c) requires.

Merely surviving a motion to dismiss does not obviate the requirements for the fact-based disclosures of the Local Patent Rules. For example, in *Network Caching Tech. LLC v. Novell, Inc.*, 2002 WL 32126128, at *7 (N.D. Cal. Aug. 13, 2002), the Northern District of California denied the accused infringer's motion to dismiss but, at the same time, struck the patentee's preliminary infringement contentions that "rel[ied] entirely on defendants' white papers and other marketing materials." *Id.* at *4. The patentee failed to reverse engineer any of the defendants' products before filing suit, *id.*, and it did not provide "sufficient evidence to convince the court that reverse engineering would not provide more detail regarding any potential infringement" *id.* at *5. Its "vague discussions of the claim terms" were insufficient. *Id.*

"The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun." *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, 2009 WL 81874, at *2 (E.D. Tex. Jan. 12, 2009) (quoting *Am. Video Graphics, LP v. Electronic Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005)). "Local Patent Rule 3-1 requires a party to provide PICs setting forth 'particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves.' A Party may not rely on vague, conclusory language or simply mimic the language of the claims." *Id.* (quoting *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004)); *see also Theranos, Inc. v. Fuisz Pharma LLC*, 2012 WL 6000798, at *3 (N.D. Cal. Nov. 30, 2012) ("[A]ll courts agree that the degree of specificity under Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'" (quoting *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010))).

For example, the plaintiff's infringement contentions were insufficient in *Linex Technologies, Inc. v. Belkin International, Inc.*, 628 F. Supp. 2d 703 (E.D. Tex. 2008), where they referred only to an industry standard and "fail[ed] to identify with any level of detail how the Accused Products infringe the asserted claims. Further, Plaintiff ma[de] no specific references to any of the Accused Products within the claim chart." *Id.* at 710. Similarly here, Plaintiff's claim charts refer only to a bid specification that Defendants did not write or incorporate in its budgetary quote. Plaintiff's contentions do not refer to the Chop-X or any purported modifications or alleged additional equipment that are the basis for Plaintiff's theory

of infringement. (*See* ECF No. 62, at 24 ("[Vaughan] claim[s] that the components and equipment contemplated in defendants' bid infringes their patents.").)

In *View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981 (Fed. Cir. 2000), the Federal Circuit held that

> Before filing []claims for patent infringement, Rule 11 . . . require[s] the law firm to, at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted.

*Id.* at 986. A patentee "must provide in its [preliminary infringement contentions] the relevant facts it obtained in its pre-filing inquiry. Thus, the standard of [Rule 11] prefiling inquiry establishes a minimum level of detail that Patent [Local Rule] 3-1 requires." *Network Caching*, 2002 WL 32126128, at *4.

"Plaintiffs are expected to rigorously analyze all publicly available information *before* bringing suit and must explain with great detail their theories of infringement." *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005) (emphasis added). Only where a plaintiff cannot, despite diligent attempts to examine the accused product, discover before is any less detail acceptable. "But, as the court emphasized in *E.piphany, Inc.*, the plaintiffs may first be required to demonstrate that they exhausted all other ways of exploring potential infringement." *Rates Tech. Inc. v. Mediatrix Telcom, Inc.*, 2007 WL 2581777, at *3 (E.D.N.Y. Sept. 5, 2007) (citing *N.Y. Univ. v. E.piphany, Inc.*, 2006 WL 559573, at *3 (S.D.N.Y. Mar. 6, 2006)). Plaintiff cannot make any credible claim to have exhausted all reasonable means of evaluating its infringement allegations since it filed suit just six days after learning of the purported bid. (ECF No. 62, at 23.) That short period would be barely sufficient to conduct a complete infringement analysis even if Plaintiff had bothered to gather complete information about the Accused Instrumentality.[3]

The patentee must be prepared to make its detailed contentions at the outset of the case, before receiving discovery from a defendant. Local Patent Rule 3-1 requires the patentee to make its disclosures within 14 days of the initial case management conference. As noted above, this short timeframe is necessary to effect the purpose of the Local Patent Rules, which is to narrow the issues and put patent cases on track from the very outset. *Connectel*, 391 F. Supp. 2d at 527 ("[W]hen parties formulate, test, and crystallize their infringement theories before stating their preliminary infringement contentions, as the Patent Rules require, the case takes a clear

---

[3] Tellingly, the copy of Global's budgetary quote that Plaintiff produced (Exhibit C) had the ECF filing stamp from when Defendants attached it as an exhibit to their reply (ECF No. 20) on their motion to dismiss, indicating that Plaintiff did not obtain a copy of the purported bid they claim to be the Accused Instrumentality before filing suit. Six days seems a woefully insufficient time to make a reasonable attempt to substantiate its infringement allegations.

path, focusing discovery on building precise final infringement or invalidity contentions and narrowing issues ….").

This is not a case where the plaintiff could not access the defendant's software source code until discovery. *See Am. Video Graphics*, 359 F. Supp. 2d at 560 ("Software cases present unique challenges for the parties and the courts because, prior to discovery, plaintiffs usually only have access to the manifestation of the defendants' allegedly infringing source code and not the code itself."). Plaintiff has, on at least one previous occasion, obtained a Chop-X pump, and studied it in detail. But Plaintiff has admitted that none of its employees has ever inspected the internal components of a Hayward Gordon model "CHOPX8RB" pump, the model listed in the purported bid. (Exhibit E, at 5; Exhibit C.) Further, to comply with Rule 11 Plaintiff must have determined what modifications to the Chop-X or additional components were included in the purported bid and concluded that they infringed at least one claim of each asserted patent. Plaintiff's infringement contentions do not contain any of these details, in violation of both the spirit and the letter of the Local Patent Rules.

Since Plaintiff's accusations of infringement revolve around alterations to the Chop-X pump or the addition of some other components, Defendants are entitled to know what those purported alterations or additional components would be. Until Plaintiff discloses those parts of its theory of infringement, it has not given Defendants "notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves." *Davis-Lynch*, 2009 WL 81874, at *2 (quoting *STMicroelectronics*, 308 F. Supp. 2d at 755).

The patentee "is required to include in its infringement contentions all facts known to it, including those discovered in its pre-filing inquiry." *CSR Tech.*, 2013 WL 503077, at *2 (citing *Renesas Tech. Corp. v. Nanya Tech. Corp.*, 2004 WL 2600466, at *2 (N.D. Cal. Nov. 10, 2004)). Plaintiff's refusal to identify specifically where in the Chop-X pump, modified or unmodified, or in any alleged additional equipment that would accompany the Chop-X, an element corresponding to each limitation of the asserted claims would be found casts doubt on the sufficiency of Plaintiff's pre-suit investigation. *See Network Caching*, 2002 WL 32126128, at *4 ("NCT's PICs, therefore, provide an accurate picture of the maximum possible inquiry in which NCT engaged before filing suit."). Plaintiff should not be permitted to use discovery as a substitute for the investigation Rule 11 required it to perform before filing suit.[4] *See Infineon*, 2013 WL 322570, at *5 ("Courts generally stay a patent defendant's discovery obligations '[u]ntil [the] plaintiff meets the burden of providing infringement contentions complaint with Patent L.R. 3-1.'" (quoting *Bender*, 2010 WL 1135762, at *2)); *Network Caching*, 2002 WL 32126128, at *7 (staying discovery). In *Theranos, Inc. v. Fuisz Pharma LLC*, 2012 WL 6000798, the Northern District of California rejected a similar attempt by a patentee to obtain discovery before providing compliant infringement contentions:

> [The patentee] essentially concede[d] they have no additional information in their possession to provide more detailed responses in accordance with Patent L.R. 3-1. Even if little publicly-known

---

[4] Plaintiff refused to give any substantive answer to interrogatories directed toward the results of its pre-suit investigation. (Exhibit F, at 6-7 (Responses to Interrogatories Nos. 1 and 2).)

>information about Theranos' technologies is available, Fuisz's obligations under the Local Rules, Fed. R. Civ. P. 11, or other Federal Circuit authority are not obviated. By arguing that Theranos' information is not publicly-available and by offering to amend the Contentions only after discovery has occurred, Fuisz is attempting to ignore their obligations and shift the burden to Theranos. Such tactic is improper. It is not enough that Fuisz has provided some "relevant" information, as they claim to have done. Their obligation is to pinpoint their contentions "as "specific[ally] as possible."

*Id.* at *6 (citations omitted).

Judge Hurd's Memorandum-Decision and Order addressed only the sufficiency of Plaintiff's pleading, not the sufficiency of Plaintiff's infringement contentions, and he did not order that the Local Patent Rules would not apply to this case. Accordingly, Plaintiff should be compelled to provide its infringement contentions now, including its complete infringement analysis and the entire information it gathered before filing suit.

As a final matter, Vaughan has ignored our requests to confer regarding supplementation of Plaintiff's interrogatory responses and the production of electronically stored information. (*See* Exhibit G.) Vaughan had already breached its promise to supplement its interrogatories before the Court stayed discovery in this action. And, Defendants' proposal for the production of ESI closely follows the reasonable provisions for the production of ESI of the District of Delaware's "Default Standard for Discovery, Including Discovery of Electronically Stored Information ('ESI')," while Plaintiff has not put forth any proposal of its own. The Court's intervention is therefore required to resolve these issues.

Accordingly, we respectfully request that the Court direct Plaintiff to amend its infringement contentions to comply with Local Patent Rule 3-1, supplement its interrogatory responses, and produce its documents including ESI here in the Northern District of New York.

    Very truly yours,

    HARRIS BEACH PLLC

    *s/James R. Muldoon*

    James R. Muldoon

JRM:mp

cc:  All Counsel of Record (*Via CM/ECF*)