UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
VAUGHAN COMPANY,

                              Plaintiff,

    -v-                                 1:12-CV-01292
                                       (DNH/DJS)
GLOBAL BIO-FUELS TECHNOLOGY, LLC
and RICHARD BEHNKE,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                             OF COUNSEL:

BARCLAY DAMON LLP                JOHN D. COOK, ESQ.
Attorneys for Plaintiff
One Park Place
300 South State Street
Syracuse, NY 13202-2078

BISHOP DIEHL & LEE, LTD.            NEIL A. BENCHELL, ESQ.
Attorneys for Plaintiff                     EDWARD L. BISHOP, ESQ.
1475 East Woodfield Road, Suite 800     NICHOLAS S. LEE, ESQ.
Schaumburg, IL 60173

HARRIS, BEACH LAW FIRM[1]           JAMES R. MULDOON, ESQ.
Attorneys for Defendants                STEVEN P. NONKES, ESQ.
Technology, LLC                             TED H. WILLIAMS, ESQ.
333 West Washington Street - Suite 200
Syracuse, NY 13202

RICHARD BEHNKE
*Pro Se*
8014 Olson Memorial Highway
Suite 426
Golden Valley, MN 55427

DAVID N. HURD
United States District Judge

---

[1] The Harris Beach Law Firm has subsequently been permitted to withdraw as counsel to the defendants. See ECF No. 156.

**MEMORANDUM-DECISION and ORDER**

**I. INTRODUCTION**

On August 16, 2012, plaintiff Vaughan Company ("plaintiff" or "Vaughan"), brought this action against defendants Richard Behnke ("Behnke") and Global Bio-Fuels Technology, LLC ("Global Bio-Fuels"). In its complaint, plaintiff asserts nine causes of action - four patent infringement claims brought pursuant to 35 U.S.C. § 271 ("Counts 1 - 4") and state law claims for misappropriation of trade secrets ("Count 5"), unfair competition ("Count 6"), tortious interference with business relationships ("Count 7"), conversion ("Count 8") and breach of fiduciary duty ("Count 9"). Presently under consideration are: (i) plaintiff's motion for leave to voluntarily dismiss Counts 1 - 4 of the complaint pursuant to Federal Rule of Civil Procedure 41(a)(2) (ECF No. 120) and (ii) defendants' cross motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 (ECF No. 129). Both motions are fully briefed. See ECF Nos. 129, 135, 141.

**II. FACTUAL BACKGROUND**

Vaughan, a Washington corporation with its principal place of business in Washington state, designs and manufactures specialized pumps used in municipal wastewater treatment facilities. Behnke, a Minnesota resident, began working as a Regional Sales Manager for Vaughan in January 2000. Behnke eventually became Vaughan's Director of Mixing Technology. These positions required him to make sales presentations regarding Vaughan's ROTAMIX® product and afforded him access to a wide range of internal corporate information, including project proposals, product designs and customer lists. On June 24, 2010, while still employed by Vaughan, Behnke formed Global, a Minnesota company specializing in the design and manufacture of pump mixing systems similar to those of Vaughan. The complaint alleges that

2

while conducting business for Vaughan, Behnke solicited and sold Global products to Vaughan customers. Behnke resigned from Vaughan on November 10, 2011, and remains the owner and president of Global. Since his resignation, Behnke has refused to return his Vaughan laptop, which contains confidential company information. The Complaint alleges that Behnke has used this information to underbid Vaughan on mixing system projects.

Counts 1 through 4 of the Complaint contend that defendants infringed upon four of Vaughan's patents by submitting a bid or proposal for a digester mixing systems project in Rensselaer County, New York in August 2012 (the "Rensselaer Project"). Defendants have asserted throughout this litigation that they merely offered to sell a Chop-X pump, which does not infringe upon plaintiff's patents.

On October 5, 2012, defendants moved to dismiss the complaint for failure to state a claim and lack of personal jurisdiction against defendant Behnke. In a November 15, 2012 Memorandum-Decision & Order, this Court denied defendants' motion and found that it was premature to conclude that the defendants did not offer to sell equipment subject to plaintiff's patents. See ECF No. 22. Thereafter, defendants sought judgment on the pleadings with regards to Counts 1 through 4. On October 23, 2013, the Court denied defendants' motion. See ECF No. 62. In such opinion, the Court again noted that it was unclear whether defendant's bid contemplated any alterations to the Chop-X pump or otherwise included components for which Vaughan holds patents and therefore found that plaintiff was entitled to discovery to determine if defendants' Rensselear bid did in fact infringe upon plaintiff's patents. On October 29, 2013, defendants filed their Second Amended Answer and Counterclaims, seeking a declaration of

invalidity of Vaughan's patents, a declaration of non-infringement, defamation and tortious interference and equitable assignment of copyright registration.  See ECF No. 63.

The parties have conducted discovery in the form of requests for production, requests for admission and interrogatories.  Vaughan has taken at least five depositions, including those of defendant Behnke and third party deponent, Marc Gerbsch, who received defendants' proposal regarding the Rensselaer Project. In February 2015, after completion of the depositions and review of the exchanged discovery, Vaughan decided that it would not pursue Counts 1 through 4, its patent infringement claims.

### III. DISCUSSION

(a) *Plaintiff's Motion for Voluntary Dismissal Without Prejudice is Denied*.

Vaughan seeks leave from the Court to voluntarily dismiss Counts 1 through 4 of the complaint without prejudice.

Federal Rule of Civil Procedure 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  FED. R. CIV. P. 41(a)(2).  The decision whether to grant a motion for voluntary dismissal is in the sound discretion of the district court.    See D'Alto v. Dahon California, Inc., 100 F.3d 281, 283 (2d Cir. 1996).  The Second Circuit has recognized that "[t]wo lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper."  Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011).  The first "indicates that such a dismissal would be improper 'if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" Id. at 230 (quoting Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006).  The second lien of authority "indicates that the test for dismissal without prejudice involves consideration of various factors known as the Zagano

factors." Id. (citing Zagano v. Fordham University, 900 F.2d 12, 14 (2d Cir. 1990)). These Zagano factors include: (1) plaintiff's diligence in bringing the motion, (2) any "undue vexatiousness" on plaintiff's part, (3) the extent to which the suit has progressed, including defendant's efforts and expense in preparation for trial; (4) duplicative expense of any relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss. See Zagano, 900 F.2d at 14. "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." Kwan, 634 F.3d at 230.

Consideration of the Zagano factors weighs in favor of dismissal of the patent infringement with prejudice. While Vaughan was diligent in bringing its motion and there appears to be no undue vexatiousness on its part, plaintiff seeks to dismiss its patent infringement claims over two and a half years after this action began, in which time the defendants expended significant time, effort and resources to defend against plaintiff's patent infringement claims. Defendants have opposed plaintiff's patent infringement claims in moving to dismiss them, preparing noninfringement contentions and claims construction briefing, preparing invalidity contentions against the four patents and engaging in discovery, including responding to plaintiff's 264 document demands, 17 interrogatories and 163 requests for admissions. See ECF Nos. 29-21, 29-22 and 29-23. "Where cases have barely been litigated, there is correspondingly little concern about the expense of relitigation for defendants." Krulls v. CIRG, LLC, 2011 WL 2470471, at *2 (N.D.N.Y. June 20, 2011) (D.J. Kahn). The extent to which this case has progressed and the discovery that has taken place favor dismissal with prejudice.

Further, Vaughan's explanation for the need to dismiss is inadequate. Plaintiff asserts that its request to dismiss its patent infringment claims results from its desire to move towards

5

a quick resolution of the remaining causes of action. See ECF No. 120 at 11. However, the Court sees the matter differently. The Court previously permitted plaintiff discovery to investigate its patent infringement claims. After having had extensive discovery, plaintiff now admits that it "does not have sufficient evidence at this time to proceed on its Patent Infringement Counts." See ECF No. 120 at 8. A party should not be permitted to avoid the prospect of an adverse decision on a dispositive motion by dismissing a claim without prejudice. Zagano, 900 F.2d at 14, Manti Transp., Inc. v. Assoc. Commercial Corp., 2002 U.S. Dist. LEXIS 3738, at *14-15 (E.D.N.Y. Mar. 8, 2012). It is quite clear that plaintiff's motive in bringing this motion is to avoid an adverse decision that will forever bind it.

Given the significant expenses incurred by defendants at this advanced stage of litigation and the lack of evidence supporting plaintiff's patent infringement claims, defendants would be sufficiently prejudiced if the Court were to dismiss the patent infringement claims without prejudice. Therefore, based upon consideration of the Zagano factors, plaintiff's motion for leave to withdraw Counts 1 through 4 will be denied.

*(b) The Defendants' Motion for Partial Summary Judgment is Granted.*

Defendants have moved for partial summary judgment concerning noninfringement. Summary judgment is appropriate where, construing the evidence in the light most favorable to the non-moving party, "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". FED. R. CIV. PRO. 56(c); Richardson v. Selky, 5 F.3d 616, 621 (2d Cir. 1993). The party moving for summary judgment has the burden to establish "that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." Bowen v. National R.R. Passenger Corp., 363 F. Supp. 2d 370, 373 (N.D.N.Y. 2005).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A party opposing summary judgment "may not rest upon the mere allegations or denials of [their] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. (quoting First Nat'l Bank of Ariz. v. Cities Svcs.Co., 391 U.S. 253, 288 (1968)). Those specific facts must be supported by "citing to particular parts of materials in the record." FED. R. CIV. PRO. 56(c)(1)(A). "[I]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50.

To prove patent infringement, a patentee must demonstrate that an accused device contains an element corresponding to each and every limitation of an asserted claim. See Laitram Corp. v. Rexnord Inc., 939 F.2d 1533, 1535 (Fed. Cir. 1991). "The patentee bears the burden of proving infringement by a preponderance of the evidence." SRI Intern. v. Matsushita Elec. Corp. of America, 775 F.2d 1107, 1123 (Fed. Cir. 1985). However, when a defendant moves for summary judgment on a counterclaim of non-infringement against the patentee, the defendant bears an initial burden. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A defendant can meet this burden merely by "'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." Exigent Tech. Inc., 442 F.3d 1301, 1308 (Fed. Cir. 2006) (quoting Celotex, 477 U.S. at 325).

Vaughan raises no issue of fact contradicting that what defendants offered to sell in connection with the Rensselaer Project was a Hayward Gordon Chop-X pump and has made no contention that such pump, or any alleged modification of such pump, infringes upon its patents.

7

Accordingly, plaintiff has failed to raise a genuine issue of material fact with regards to Counts 1 through 4 of the complaint or defendants' non-infringement counterclaim. As a result, defendant's motion for partial summary judgment will be granted dismissing Counts 1 through 4 of the complaint and granting judgment concerning its second counterclaim.

(c) *Request for Attorneys' Fees and Costs*.

Defendants have moved for attorneys' fees pursuant to 35 U.S.C. § 285, which provides that the Court "in exceptional cases may award reasonable attorney fees to the prevailing party". An exceptional case exists under § 285 where the position of the sanctioned party is: (1) objectively unreasonable, and (2) asserted in subjective bad faith. See Highmark, Inc. v. Allcare Health Management Systems, Inc., 701 F.3d 1351, 1353 (Fed. Cir. 2012). The Court finds insufficient evidence that Vaughan's conduct constituted an "exceptional case" pursuant to § 285 and therefore denies an award of attorneys' fees.

Vaughan seeks the imposition of costs and fees pursuant to 28 U.S.C. §1927, which provides that "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally excess costs, expenses, and attorney's fees reasonably incurred because of such conduct". The Second Circuit has explained that the imposition of Section 1927 sanctions is "highly unusual and requires a clear showing of bad faith" by an attorney. West Virginia v. Chas. Pfizer & Co., Inc., 440 F.2d 1079, 1092 (2d Cir. 1971). The Court also finds insufficient evidence to warrant to imposition of costs and fees pursuant to Section 1927. Accordingly, plaintiff's request will be denied.

(d) *The Court Retains Personal Jurisdiction Over the Defendants*.

Defendants assert that with the withdrawal or dismissal of the patent infringement claims, the Court should decline to exercise personal jurisdiction over the defendants with

respect to the remaining claims. Defendants argue that the Court's prior decision to exercise personal jurisdiction over defendants was entirely predicated upon defendants' involvement with the Rensselaer Project.

To determine whether personal jurisdiction exists over a non-domiciliary, a federal district court must apply the forum state's long-arm statute. Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010). If the long-arm statute permits personal jurisdiction, the court must then determine whether the exercise of such jurisdiction comports with traditional notions of due process. Id. at 164. This due process analysis incorporates two inquiries: (1) whether the defendant had "sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction"; and (2) whether it is reasonable to exercise jurisdiction in light of the particular circumstances of the case. Id. When considering the reasonableness aspect, a court may evaluate the burden on the defendants, the interests of the forum state, the plaintiff's interest in obtaining relief, interstate judicial economy, and the shared interest of "furthering fundamental substantive social policies." Id.

New York's long-arm statute permits the exercise of personal jurisdiction over any non-domiciliary "who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). Even though Vaughan's patent infringement claims have been dismissed, there is no doubt that defendants have transacted business in New York by submitting a bid for the Rensselaer Project. Therefore, New York's long-arm statute provides for personal jurisdiction over Behnke.

Moreover, exercising personal jurisdiction over Behnke does not violate traditional standards of due process. Behnke availed himself of the benefits and protections of New York

9

law when he purposefully submitted a bid for the Rensselaer Project on behalf of Global. Thus, he had sufficient minimum contacts with New York to justify personal jurisdiction, even in the absence of a continuing business relationship with the state. See Chloe, 616 F.3d at 170.

Accordingly, defendant's request that the Court decline to continue to exercise personal jurisdiction over defendants will be denied.

(e) *Jurisdiction of Remaining Law Claims*.

Although the Court retains personal jurisdiction over defendants, it will decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

A district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy ...." 28 U.S.C. § 1367(a). Subsection (c) provides that a district court "may" decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003) (quoting Carnegie–Mellon University v. Cohill, 484 U.S. 343, 349–50 (1988)). Here, all of plaintiff's patent infringement claims have been dismissed. Accordingly, judicial economy, fairness, convenience and comity will be served best by declining to exercise supplemental jurisdiction over plaintiff's remaining state law claims. As

10

a result, plaintiff's remaining causes of action, Counts 5 through 9, will be dismissed without prejudice.

Similarly, defendants' remaining counterclaims will be dismissed without prejudice. Defendants' third and fourth counterclaim allege state law causes of action which the Court will decline to exercise supplemental jurisdiction over. Defendant's first counterclaim seeks a declaration of invalidity concerning plaintiff's patents. However, it is not the role of federal courts to directly supervise the functions of the patent office by rendering advisory opinions as to the correctness of patent awards. See Checkpoint Systems, Inc. v. United States Int'l Trade Comm., 54 F.3d 756, 761 (Fed. Cir. 1995). "In the absence of a patentee's accusation that a party is infringing or will infringe upon his patent, there does not exist a sufficient case or controversy for a party to seek district court review of the patent office's decision to issue a patent." Bioxy, Inc. v. Birko Corp., 935 F. Supp. 737, 741 (E.D.N.C. 1996). The dismissal of plaintiff's patent infringement claims terminates the dispute, as no other activity by the defendants, current or contemplated, is suspected by the plaintiff of infringement. Therefore, defendant's first counterclaim will be dismissed without prejudice for lack of subject matter jurisdiction.

Additionally, defendants' fifth counterclaim seeks the equitable assignment of copyrights presently owned by Vaughan. However, given defendants lack of prosecution of their claims and failure to comply with the orders of Magistrate Judge Daniel Stewart, the Court will dismissal defendants' counterclaim pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) provides that a party's failure to prosecute or to comply with any order of the court may lead to the dismissal of any claim against the other party. See FED. R. CIV. P. 41(b). Such dismissals equally "apply to the dismissal of any counterclaim, cross-claim, or third-

11

party claim" and can be entertained by the Court *sua sponte*.  See FED. R. CIV. P. 41(c); LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998).  Courts should consider: (1) the duration of the delay, (2) whether the party had received notice that delays could result in dismissal, (3) whether the other party is likely to be prejudiced by further delay, (4) whether the district court has balanced the need to alleviate calendar congestion against the party's right to be heard, and (5) whether there are lesser sanctions.  See Faison v. Russi, 189 F.3d 460, 461 (2d Cir. 1999). "Generally, no one factor is dispositive."  Nita v. Connecticut Dept. of Environmental Protection, 16 F.3d 482, 485 (2d Cir. 1994).  Unless the court specifies otherwise, Rule 41(b) provides that dismissal "operates as an adjudication on the merits."  Austin v. Lynch, 2011 WL 5924378, at *1 (S.D.N.Y. 2011).

Since the defendants' counsel withdrew on September 2, 2015, defendant Global Bio-Fuels has failed to obtain new counsel despite being repeatedly notified that counsel was required.  See ECF No. 157, 161, 167.  While defendant Behnke participated in a telephonic conference with Magistrate Judge Stewart on January 25, 2016, he failed to appear at a mandatory settlement conference on April 26, 2016 or to provide the Court with a summary of his positions and a realistic settlement demand, as required in Judge Stewart's March 29, 2016 Order.  See ECF No. 173.  After plaintiff moved for sanctions based upon such nonappearance, defendants again failed to appear and oppose such motion.  Similarly, pursuant to a May 20, 2016 Order of Magistrate Judge Stewart, defendants were directed to provide a copy of a laptop and assist plaintiff in accessing certain email accounts.  See ECF No. 174.  According to plaintiff, such order has been disregarded by defendants.  See ECF No. 185.  Most recently, defendants failed to appear at a June 29, 2016 status conference before Magistrate Judge Stewart.

Given defendants repeated failure to comply with the Court's orders and failure to

prosecute his counterclaims, dismissal of his remaining counterclaims without prejudice is appropriate.

## IV. **CONCLUSION**

In sum, the Court holds that Vaughan has failed to demonstrate that it is appropriate to dismiss its patent infringement claims without prejudice. As a result, it motion for leave to dismiss will be denied. Defendants have sufficiently demonstrated entitlement to judgment as a matter of law concerning Counts 1 through 4 of the complaint and its second counterclaim seeking a declaration of noninfringment. All other relief requested in the parties' pending motions will be denied. The Court will decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims and dismisses defendant's remaining couterclaims without prejudice. Accordingly, it is a ORDERED that:

(1) Plaintiff's motion for leave to voluntarily dismiss Counts 1 through 4 of the Complaint without prejudice (ECF No. 120) is **DENIED**;

(2) Defendants' motion for partial summary judgment (ECF No. 129) is **GRANTED** in part and **DENIED** in part;

(3) Defendants are **GRANTED** judgment as a matter of law concerning Counts 1 through 4 of the Complaint and such Counts are **DISMISSED WITH PREJUDICE**;

(4) Defendants are **GRANTED** judgment as a matter of law concerning its Second Counterclaim seeking a declaration of noninfringement;

(5) Defendants' request for sanctions and for dismissal for lack of personal jurisdiction is **DENIED**. All other relief requested pursuant to defendants' March 24, 2015 partial motion for summary judgment is **DENIED**;

(6) The remaining counts contained in plaintiff's complaint (Counts 5 through 9) and defendants' counterclaims (Counterclaims 1, 3, 4 and 5) are **DISMISSED** without prejudice; and

(7) The Clerk serve a copy of this Decision and Order upon defendants in accordance with the Local Rules.

The Clerk is directed to enter judgment accordingly and close this case.

IT IS SO ORDERED.

United States District Judge

Dated: September 22, 2016
      Utica, New York.